UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY S. DAUBERT, | ) | 1:10-cv-00014 AWI GSA |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION TO DISMISS CASE WITHOUT LEAVE TO AMEND |
| v. | ) | |
| CITY OF LINDSAY, | ) | |
| Defendant. | ) | |

Plaintiff, Timothy S. Daubert, appearing pro se and proceeding in forma pauperis, filed the instant complaint on January 5, 2010.

## DISCUSSION

A.    Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the court must conduct an initial review of the complaint for sufficiency to state a claim. The court must dismiss a complaint or portion thereof if the court determines that the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.   Plaintiff's Complaint

In his complaint, Plaintiff, a disability advocate, alleges he purchased a ticket to go to the Aqua Center in Lindsay, California which is owned and operated by the City of Lindsay. Plaintiff alleges that the Aqua Center was under construction and he was required to go through the City Park in order to access the Aqua Center. Plaintiff contends that there are no sidewalks inside the City Park and he had travel on the street which has potholes and is not accessible to the handicapped. Plaintiff alleges violations of Title II and Title III of the Americans with Disabilities Act 42 U.S.C. § 12132; 42 U.S.C. §§ 12182(a). He also alleges a violation of § 504 of the Rehabilitation Act. 29 U. S. C. § 794.

C.   Discussion

As a preliminary matter, the court notes that Plaintiff already has an ongoing case against the City of Lindsay in which he has set forth a cognizable claim that the City Park is not accessible to the handicapped. Daubert v. City of Lindsay, 09-cv- 1270 AWI GSA. Specifically, in the existing case, Plaintiff stated the same claim with regard to the condition of the roads inside the City Park. Because the instant complaint contains the same violations as the existing complaint, the instant complaint should be dismissed without leave to amend as it is duplicative.

///

///

C. Conclusion

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED WITHOUT LEAVE TO AMEND.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 19, 2010** /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE

3